In re:  
Albert R. Wilson, Jr.  
       Debtor

Case No. 16-03766-MDF  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AGarner     Page 1 of 2     Date Rcvd: Nov 14, 2016  
                  Form ID: pdf002     Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 16, 2016.

```
db              +Albert R. Wilson, Jr.,    656 Burnthouse Road,    Carlisle, PA 17015-9123
4832544          Commercial Acceptance Co.,    2300 Gettysburg Road #102,    Camp Hill, PA 17011-7303
4832545          Commonwealth of Pennsylvania,    Office of Attorney General,    Collections Unit,
                 14th Floor, Strawberry Square,    Harrisburg, PA 14120
4832546         +Commonwealth of Pennsylvania,    Bureau of Labor and Industry,
                 Office of Unemp Comp Tax Services OUCTS,    PO Box 60848,    Harrisburg, PA 17106-0848
4832547         +Cumberland Co. Adult Probation,    1 Courthouse Square,    Carlisle, PA 17013-3323
4832548         +Cumberland County Domestic Relations,    13 North Hanover Street,    Carlisle, PA 17013-3014
4832550         +Ditech Financial LLC,    c/o Gregory Javardian, Esquire,    Law Office of Gregory Javardian, LLC,
                 1310 Indutrial Blvd., 1st Fl., Suite 101,    Southampton, PA 18966-4030
4832551          Ditech Financial LLC,    P.O. Box 44265,    Jacksonville, FL 32231-4265
4832553         +ERC,    P.O. Box 57547,    Jacksonville, FL 32241-7547
4832555          James C. Warmbrodt, Esq.,    Weltman, Weinberg & Reis Co., LPA,    436 7th Avenue,    Suite 2500,
                 Pittsburgh, PA 15219-1842
4832559         +Specialized Loan Servicing LLC,    8742 Lucent Boulevard,    Suite 300,
                 Highlands Ranch, CO 80129-2386
4832560         +Vacation Charters LTD,    P.O. Box 647,    Lake Harmony, PA 18624-0647
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
cr               E-mail/PDF: rmscedi@recoverycorp.com Nov 14 2016 19:16:59
                 Recovery Management Systems Corporation,    25 SE 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
4832549          E-mail/Text: mrdiscen@discover.com Nov 14 2016 19:10:58     Discover Financial Services,
                 P.O. Box 15316,    Wilmington, DE 19850
4834327          E-mail/Text: mrdiscen@discover.com Nov 14 2016 19:10:58     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
4832552         +E-mail/Text: bankruptcy.bnc@ditech.com Nov 14 2016 19:11:07     Ditech Financial LLC,
                 P.O. Box 6172,    Rapid City, SD 57709-6172
4832554          E-mail/Text: cio.bncmail@irs.gov Nov 14 2016 19:11:03     Internal Revenue Service,
                 PO Box 21126,    Philadelphia, PA 19114
4832556         +E-mail/Text: bnckohlsnotices@becket-lee.com Nov 14 2016 19:11:00     Kohls/Capone,
                 PO Box 3115,    Milwaukee, WI 53201-3115
4832557          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 14 2016 19:11:12
                 Pennsylvania Department of Revenue,    Dept. 280946,    ATTN: Bankruptcy Division,
                 Harrisburg, PA 17128-0946
4832558         +E-mail/Text: bkdepartment@rtresolutions.com Nov 14 2016 19:11:24     Real Time Resolutions,
                 1349 Empire Central Drive,    Dallas, TX 75247-4029
4834261          E-mail/PDF: rmscedi@recoverycorp.com Nov 14 2016 19:10:33
                 Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
4837279         +E-mail/Text: bklaw2@centurylink.com Nov 14 2016 19:11:21
                 The United Telephone Company of Pennsylvania, LLC,    CenturyLink,    359 Bert Kouns,
                 Shreveport, LA 71106-8124
                                                                                               TOTAL: 10
```

                 \*\*\*\*\* BYPASSED RECIPIENTS \*\*\*\*\*  
NONE.                                                                                                                                                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2016                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0314-1           User: AGarner               Page 2 of 2                Date Rcvd: Nov 14, 2016
                               Form ID: pdf002             Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 14, 2016 at the address(es) listed below:

```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Joshua I Goldman    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Mary F Kennedy    on behalf of Creditor    Ditech Financial LLC FKA Green Tree Servicing LLC
               mary@javardianlaw.com, tami@javardianlaw.com
              Tracy Lynn Updike    on behalf of Debtor Albert R. Wilson, Jr. tupdike@ssbc-law.com,
               ssollenberger@ssbc-law.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

Rev. 06/01/16

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Albert R. Wilson, Jr.

: CHAPTER 13
: CASE NO. 1 - 16 -bk- 03766
:
: **CHAPTER 13 PLAN**
:
: (Indicate if applicable)
: 1  # MOTIONS TO AVOID LIENS
: 0  # MOTIONS TO VALUE COLLATERAL
:
: [✓]  ORIGINAL PLAN
:      AMENDED PLAN
:          (Indicate 1ST, 2ND, 3RD, etc.)

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

## PLAN PROVISIONS

**DISCHARGE:** (Check one)

[✓] The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[✓] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $__5,500.00__, plus other payments and property stated in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | 10/16 | 05/20 | $125.00 | | $125.00 |

    | | |
    |---|---|
    | Total Payments: $ | 5,500.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:  [✓] Debtor(s) is at or under median income

    [ ] Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ __N/A__ from the sale of property known and designated as _____. All sales shall be completed by

2

_____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: N/A_____

3. The Debtor estimates that the liquidation value of this estate is $ __5,490.77__. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

    A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

    B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

Case 1:16-bk-03766-MDF    Doc 3    Filed 09/13/16    Entered 09/13/16 16:22:43    Desc
Main Document    Page 3 of 11
Case 1:16-bk-03766-MDF    Doc 22    Filed 11/16/16    Entered 11/17/16 01:07:17    Desc
Imaged Certificate of Notice    Page 5 of 13

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Ditech Financial, LLC | Residence at 656 Burnthouse Road, Carlisle, PA | $ Per POC | $ Per POC |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech Financial, LLC | Residence at 656 Burnthouse Road, Carlisle, PA | $ Per POC | $ | $ 0 - See ¶8A |
| Specialized Loan Servicing formerly Real Time Resolution | Residence at 656 Burnthouse Road, Carlisle, PA | $ Per POC | $ | $ 0 - See ¶8A |
| | | $ | $ | $ |
| | | $ | $ | $ |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| N/A | | | | |
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Vacation Charters, LTD | Timeshare at Split Rock Resort |

5

Case 1:16-bk-03766-MDF    Doc 3    Filed 09/13/16    Entered 09/13/16 16:22:43    Desc
Main Document    Page 5 of 11
Case 1:16-bk-03766-MDF    Doc 22    Filed 11/16/16    Entered 11/17/16 01:07:17    Desc
Imaged Certificate of Notice    Page 7 of 13

G.  <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| Discover Financial Services | Residence at 656 Burnthouse Road, Carlisle, PA |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H.  <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)  Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3.  **PRIORITY CLAIMS**

A.  Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

6

| Name of Creditor | Estimated Total Payment |
|---|---|
| Cumberland County Domestic Relations | $ 284.72 |
|  | $ |
|  | $ |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check only one box:

☐ In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

☑ $ 250.00 per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

4. **UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| N/A |  | $ | % | $ |
|  |  | $ | % | $ |

7

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| N/A | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

    ☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

    ☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

    (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

    A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

    See attached Rider for additional provisions.

8

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1:
Level 2:
Level 3: _____
Level 4:
Level 5:
Level 6:
Level 7:
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

| | |
|---|---|
| Level 1: | Adequate protection payments. |
| Level 2: | Debtor's attorney's fees. |
| Level 3: | Domestic Support Obligations. |
| Level 4: | Priority claims, pro rata. |
| Level 5: | Secured claims, pro rata. |
| Level 6: | Specially classified unsecured claims. |
| Level 7: | General unsecured claims. |
| Level 8: | Untimely filed unsecured claims to which the Debtor has not objected. |

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 9/12/16

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

9

Rider to Paragraph 8 - Other Plan Provisions

Beginning with the payment due after the filing of the Chapter 13 Petition, all future monthly payments are to be made directly to Ditech Financial, LLC, the mortgage holder on Debtor's Residence, until their claim is paid in full.

Any liens, to the extent that they exist as to the Debtor's property, shall be divested and avoided at discharge, except the liens of Ditech Financial, LLC and Specialized Loan Servicing, successor to Real Time Resolutions, the mortgage holders on Debtor's Residence, until their claims are paid in full.

Pursuant to Paragraph 2.C. Arrears, Debtor is proposing to cure pre-petition arrears due on his Residence outside the Chapter 13 Plan to both Ditech Financial, LLC and Specialized Loan Servicing, successor to Real Time Resolutions, through consensual mortgage modifications. Debtor will file the applications for loan modification within 30 days of the receipt of the applications from the individual lenders or their counsel. If Debtor obtains a loan modification from a lender, the appropriate motion seeking approval of the modification through this Court will be filed within thirty (30) days of such modification offer, but at no time longer than within one (1) year of the confirmation of this Chapter 13 Plan. If the Debtor is denied a loan modification he will either file a motion to modify his Chapter 13 Plan to provide for the pre-petition arrears in an amended plan within thirty (30) days of the denial, or he will be deemed to have surrendered his interest in the real estate to the lender, unless already earlier ordered otherwise by the Court in a hearing on relief of the automatic stay.

The Debtor reserves the right to amend his Plan to reflect claims as filed and as allowed by the Court.

The Debtor reserves the right to sell any real or personal property upon the filing of an appropriate Motion with the Court.

The automatic stay shall remain in effect until such time as the Plan is fully consummated by payments to the trustee or otherwise modified or terminated by specific Order of the Court.

Property surrendered under Section 2F shall be surrendered in full satisfaction of creditors' claims.

Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtor, to the detriment of general, unsecured claims.

Confirmation of the Plan shall invoke the protection of 11 U.S.C. Section 1301, whether or not the Debtor provides for interest on payment of cosigned obligations. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the plan.

The Plan filed by the Debtor(s) herein specifically rejects, avoids, cancels, and otherwise

releases the Debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s) the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this Plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s) or the Chapter 13 Trustee.

Confirmation of the Plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve to themselves, to the extent they may claim an exemption, or to the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including, but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of right or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the local rules of this Court.

Confirmation of this Plan shall vest in the Debtor(s) full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

Confirmation of this Plan shall constitute a waiver by any party in interest in this case or any one or more of them, including all creditors or other parties listed in Schedules D, E, F, G, and H, or any amendments thereto, of the right to have final orders in non-core matters entered only after de novo review in any proceeding so triable in this case or any case, controversy or proceeding related to this case, and of the right to have the Federal District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal.

Confirmation of this Plan shall constitute the express consent by any party in interest in this case, or any one or more of them, including all creditors or other parties listed in Schedules D, E, F, G and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(c)(2) of Title 28 of the United States Code.